**United States District Court**
**District of Massachusetts**

———————————————————— )
CARROLL K. ST. GERMAIN,            )
      Petitioner,             )
                                   )
      v.                      )     **Civil Action No.**
                                   )     **08-11765-NMG**
MICHAEL CORSINI                    )
      Respondent.             )
———————————————————— )

**MEMORANDUM & ORDER**

**GORTON, J.**

With respect to this petition for habeas corpus, the First Circuit Court of Appeals has requested that this Court issue or deny a Certificate of Appealability ("COA") for Petitioner Carroll K. St. Germain.

I. **Factual Background**

St. Germain was convicted of assault and two counts of first degree murder in 1978. He filed his first habeas petition in 1997 which was denied without prejudice for failure to exhaust state remedies. He subsequently returned to state court where his motion for a new trial and appeal to the single justice of the Massachusetts Supreme Judicial Court were denied.

In October, 2008, St. Germain filed a second habeas petition in federal court. In August, 2009, over Petitioner's objection, this Court accepted and adopted Magistrate Judge Marianne B. Bowler's Report and Recommendation ("R&R") and dismissed the case

as time barred because 1) St. Germain had waited too long to present his unexhausted claims in state court and 2) he had not established grounds for equitable tolling. On October 20, 2009, the Court denied Petitioner's motion for a COA. Petitioner appealed that denial but the First Circuit ultimately denied the COA and terminated the appeal.

In August, 2010, Petitioner moved, pursuant to Fed. R. Civ. P. 60(b)(3), to vacate this Court's adoption of the R&R, its Order of Dismissal and its denial of a COA the preceding year. On October 5, 2010, the Court denied the motion and Petitioner promptly appealed. On November 15, 2010, the First Circuit issued an Order requesting that this Court, once again, promptly issue or deny a COA.

## II.  Analysis

### A.  Legal Standard

Pursuant to 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." In deciding upon an application for a COA, a district judge must state which issues, if any, satisfy the standard set forth in § 2253(c)(2) or the reasons for denying the COA. 1st Cir. Loc. R. 22.1(a).

The standard for a COA depends upon whether the original petition was denied on substantive or procedural grounds. See

-2-

<u>Slack</u> v. <u>McDaniel</u>, 529 U.S. 473, 484 (2000).  Because St.
Germain's petition was denied on procedural grounds, this Court
may issue a COA if the petitioner demonstrates that

> jurists of reason would find it debatable whether the
> petition states a valid claim of the denial of a
> constitutional right and . . . whether the district court
> was correct in its procedural ruling.

<u>Id.</u> at 478.

### B. Application

In order to obtain relief from final judgment pursuant to
Fed. R. Civ. P. 60(b)(3), the movant must show 1) misconduct such
as fraud or misrepresentation by clear and convincing evidence
and 2) that the alleged misconduct substantially interfered with
his ability to "fully and fairly" prepare for and proceed at
trial.  <u>Roger Edwards, LLC</u> v. <u>Fiddes & Son</u>, 427 F.3d 129, 134
(1st Cir. 2005).

In his motion to vacate, Petitioner argued that he had a
motion for a new trial pending in state court at the time he
filed his first habeas petition in April, 1997, having filed such
a motion in February, 1989.  He asserted that Respondent
willfully failed to disclose that information so that Petitioner
was unable to prove equitable or statutory tolling of the statute
of limitations, resulting in this Court denying his habeas
petition.

Respondent opposed the motion, arguing that, pursuant to the
"law of the case" doctrine, Petitioner's Rule 60(b)(3) motion

-3-

must be denied because his allegation of fraud on the court was before the First Circuit when it ruled that his statutory tolling argument was waived.  The "law of the case" doctrine is a

> prudential principle that precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided.

United States v. Vigneau, 337 F.3d 62, 67-68 (1st Cir. 2003).

Respondent further argued that Petitioner failed to satisfy the Fed. R. Civ. P. 60(b)(3) requirements because 1) there was no evidence that his counsel's failure to mention the February, 1989 motion for a new trial was intentional and 2) the omission did not prevent Petitioner from preparing his response to the motion to dismiss because he had independent knowledge of the February, 1989 motion which he had filed pro se.  Moreover, Petitioner himself stated in his opposition to the July, 2009 R&R that he "had no state action for collateral review pending during the one year grace period."

Finally, Respondent argued that, even in light of the February, 1989 motion, Petitioner's habeas petition was still time-barred because Petitioner abandoned the February, 1989 motion by failing to file a memorandum in support and did not incorporate it into his later motion for a new trial in February, 2004.

In denying Petitioner's motion to vacate, the Court adopted one or all of Respondent's arguments and found that Petitioner

-4-

had not met the requirements for relief pursuant to Fed. R. Civ. P. 60(b)(3).

Because 1) Petitioner has presented no evidence that the omission of his February, 1989 motion was intentional or that the omission "substantially interfered" with his ability to prepare his case, and 2) to decide this issue would be to re-litigate an issue already heard by the First Circuit, the Court finds that jurists of reason would not debate "whether the petition states a valid claim of the denial of a constitutional right".  Nor would they debate whether this Court was correct in its procedural ruling to deny the motion to vacate.

### ORDER

In accordance with the foregoing, the certificate of appealability is **DENIED**.


**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated November 24, 2010